UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIO EDUARDO CORLETO CANO, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | Civil Action No.: _____ |
| | § | |
| *Defendant.* | § | |
| | § | |
| Serve: | § | |
| Hon. Merrick Garland | § | |
| Attorney General of the United States | § | |
| U.S. Department of Justice | § | |
| 950 Pennsylvania Avenue, NW | § | |
| Washington D.C. 20530-001 | § | |
| | § | |
| | § | |
| Hon. Jennifer Lowery | § | |
| United States Attorney | § | |
| Southern District of Texas | § | |
| 1000 Louisiana, Ste. 2300 | § | |
| Houston, TX 77002 | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Julio Eduardo Corleto Cano ("Plaintiff" or "Mr. Cano"), files this

Original Complaint against Defendant, the United States of America ("Defendant").

Plaintiff brings a negligence cause of action pursuant to the Federal Tort Claims Act

for personal injuries and property damage Plaintiff suffered as a result of a motor

vehicle collision with a United States Postal Service ("USPS") vehicle operated by

Auston Hudson, while Mr. Hudson was in the course and scope of his employment with Defendant. Plaintiff respectfully shows as follows:

## I.   PARTIES

1.     Plaintiff, Julio Eduardo Corleto Cano, is an adult individual who resides in Harris County, Texas.  Plaintiff has standing and capacity to file this action.

2.     Defendant, the United States of America, may be served by delivering a copy of the summons of the Complaint to the United States Attorney for the Southern District of Texas, Jennifer Lowery, and by sending a copy of the summons and of the Complaint by registered or certified mail to the Attorney General of the United States under Rule 4(i)(1) of the Federal Rules of Civil Procedure.

## II.   JURISDICTION

3.     This action arises under the Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 2671-2680.

4.     The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1346(b) because the suit involves a claim against the United States for personal injury and property damage caused by the negligent acts and/or omissions of a government employee while acting within the scope of his employment.

5.     The United States Postal Service ("USPS") is an agency of the United States of America. USPS is an "independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. The United States of

America, Defendant, through its agency, the USPS, at all times material hereto, owned, operated and controlled the United States Postal service in Houston, Texas and staffed said facilities and vehicles with its agents, servants and/or employees.

### III.   VENUE

6.    Venue is proper in the Southern District of Texas under 28 U.S.C. § 1402(b) because Plaintiff resides in this district. Venue is also proper in the Southern District of Texas under 28 U.S.C. § 1402(b) because the act and omissions complained of herein occurred in this district. Venue is proper in the Houston Division of this Court because the matter giving rise to this action occurred in Harris County, Texas, which is within the Houston Division.

### IV.   CONDITIONS PRECEDENT

7.    Plaintiff timely presented this claim in writing to the United States Postal Service ("USPS"). A true and correct copy of the administrative claim is attached hereto as Exhibit A.

8.    This suit is filed within six months after the USPS's final written notice of its denial of the claim. On March 24, 2022, USPS denied the administrative claim submitted by Plaintiff. A true and correct copy of the USPS's denial of Plaintiff's claim is attached hereto as Exhibit B.

## V.    FACTS

9.    On or about November 11, 2019 at or about 9:55 a.m., Plaintiff was properly restrained and driving a 2007 Chevrolet Silverado (the "Silverado"), traveling eastbound on W. Calvalcade, at or near its 600 block, in Houston, Texas. At that time, Auston Hudson ("Mr. Hudson"), while in the course and scope of his employment with Defendant as a driver for USPS, was operating a 2016 RAM, which was functioning as a USPS postal vehicle (the "USPS Truck").

10.    Mr. Hudson caused the USPS Truck to enter Mr. Cano's eastbound lane of travel as Mr. Cano was passing. Mr. Hudson failed to yield the right of way to Mr. Cano and failed to control the speed of the USPS Truck, thereby causing the USPS Truck to collide with the Silverado (the "Collision").  As a proximate result of the Collision, Plaintiff suffered property damage and personal injuries.

## VI.    CAUSE OF ACTION: NEGLIGENCE UNDER THE FEDERAL TORT CLAIMS ACT

11.    At the time of the Collision and at all relevant times, Mr. Hudson was acting within the course and scope of his employment with Defendant United States of America as a USPS driver, and his acts and/or omissions were negligent.  Under the laws of the State of Texas, a private person would be liable to Plaintiff for these acts and/or omissions. Thus under 28 U.S.C. § 2674, Defendant, the United States of America, is liable to Plaintiff for his damages, resulting from the personal injuries he suffered as a result of the Collision.

12.   Mr. Hudson owed Plaintiff a duty of ordinary care, that is, a duty to exercise the degree of care that a reasonably prudent person would exercise to avoid a foreseeable risk of injury to others under the same or similar circumstances.

13.   Mr. Hudson breached his duty of care.   A reasonable actor in Mr. Hudson's position would recognize that his conduct posed a foreseeable risk of harm to others, including Mr. Cano.   Mr. Hudson failed to do that which a person of ordinary prudence would have done under the same or similar circumstances. Mr. Hudson breached his duty of care through his acts and/or omissions, including, but not limited to:

    a.   Making an unsafe left turn;

    b.   Failing to keep a proper lookout;

    c.   Fatigue, incompetence, or inattention;

    d.   Failing to maintain an assured clear distance;

    e.   Failing to yield the right of way to Mr. Cano;

    f.   Moving from the median without first ascertaining that conditions permitted the movement in a safe manner;

    g.   Violating TEX. TRANSP. CODE ANN. §§545.060(a), 545.062(a), 545.151, 545.152, and 545.351.

14.   As a direct and proximate result of Mr. Hudson's breaches of his duty of care, while he was in the course and scope of his employment with Defendant as a USPS driver, the USPS Truck collided with the Silverado, in turn proximately

causing Plaintiff to suffer property damage and, with a reasonable degree of medical certainty, to suffer personal injuries.  As a result of these personal injuires, Plaintiff suffered and will suffer medical expenses, loss of earning capacity, physical pain, mental anguish, physical impairment, and disfigurement.

## VII.  DAMAGES

15.    As a direct and proximate result of Mr. Hudson's negligence, Plaintiff suffered the following injuries and damages, for which Defendant is liable.

  a.  Medical expenses in the past and future;

  b.  Loss of earning capacity in the past and future;

  c.  Physical pain in the past and future;

  d.  Mental anguish in the past and future;

  e.  Physical impairment in the past and future;

  f.  Disfigurement in the past and future; and

  g.  Property damage.

## VIII.  PRAYER

16.    For these reasons, Plaintiff asks for judgment against Defendant for the following:

  a.  Actual damages of $220,799.64;

  b.  Cost of suit;

  c.  Postjudgment interest; and

d.  All other relief the Court deems appropriate.

Respectfully submitted this 18th day of May 2022.

THE DE LA GARZA LAW GROUP

By: */s/ Mario E. de la Garza*
    Mario E. de la Garza
    State Bar No. 24040785
    S.D. Tex. No. 564456
    mdelagarza@dlgtriallaw.com
    1616 S. Voss, Suite 870
    Houston, Texas 77057
    (713) 784-1010
    (713) 784-1011 (fax)

ATTORNEY-IN-CHARGE FOR PLAINTIFF